TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00106-CR






Jeffrey Fields, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. D-1-DC-2004-904170, HONORABLE FRED A. MOORE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The facts and procedural history are well known to the parties and are not in dispute,
and therefore, we need not exhaustively detail them here. Jeffrey Fields was found guilty of
aggravated assault. See Tex. Penal Code Ann. §§ 22.01(a) (defining assault), 22.02(a) (defining
aggravated assault in relation to definition of assault found in article 22.01), (West Supp. 2008). 
Further, the jury concluded that certain enhancement allegations were true and imposed a life
sentence as punishment. 

 On appeal, Fields contends that the district court made the following errors: 
(1) allowing "Tina White," (1) the victim in this case, to testify that after Fields assaulted her, he
smoked crack; and (2) allowing Eric Wilson, a police officer, to testify regarding a crack pipe found
in Fields's motel room. Fields contends that both types of evidence were inadmissible under the
rules of evidence. See Tex. R. Evid. 404(b) (generally stating that evidence of other crimes is not
admissible to prove character but also listing certain exceptions to general prohibition). In
making his claims, Fields admits that he did not object to the disputed testimony, but he asserts that
the admission of the evidence constituted fundamental error and may, therefore, be
considered on appeal. 

 Generally speaking, in order for a complaint to be properly preserved for appellate
review, "the record must show that . . . the complaint was made to the trial court by a timely request,
objection, or motion." Tex. R. App. P. 33.1. Similarly, the rules of evidence state that a party may
not complain regarding the admission of evidence unless a substantial right of the party is affected
and "a timely objection or motion to strike appears of record." Tex. R. Evid. 103(a)(1). Requiring
specific objections to the admission of evidence advances the policy interests of preventing and
correcting errors made during trial, whereas excusing the need for objections leads to the opposite
result. See Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Accordingly, all "but the
most fundamental rights," including some constitutional rights, are forfeited if not pursued by the
party during trial. Id.; see Tex. R. Evid. 103(d) (explaining that in criminal cases, nothing in rules
of evidence "precludes taking notice of fundamental errors affecting substantial rights although they
were not brought to the attention of the court"). When discussing what constitutes a fundamental
right, the court of criminal appeals has explained that violations of the following types of rights may
be addressed for the first time on appeal: rights that the legislature has specified may be pursued
without objection; rights that are waivable only, such as the right to an attorney; and rights that are
systemic requirements necessary for the administration of justice, such as the need for a court to have
jurisdiction over a case before ruling on it. See Saldano, 70 S.W.3d at 887-88. 

 The improper admission of evidence during trial does not fall into one of the limited
categories of errors that may be addressed on appeal without proper objection. Id. at 889 (explaining
that failure to object to admission of evidence waives appellate complaints regarding admissibility
of that evidence even when evidence addresses constitutional right of defendant). Because Fields
failed to object to the introduction of the allegedly improper testimony, he did not preserve a
complaint for appeal. Id. at 890; see Tex. R. App. P. 33.1. 

 For this reason, we affirm the judgment of the district court. 


 

 David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton

Affirmed

Filed: March 12, 2009

Do Not Publish
1. Tina White was a pseudonym utilized by the victim in this case.